**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL TAFFARO,<br><br>              Plaintiff,<br><br>              v.<br><br>BOROUGH OF RIDGEFIELD, ANTHONY SUAREZ,<br><br>              Defendants. | Civil Action No. 09-4680 (KSH)<br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

This action arises out of the arrest of plaintiff Michael Taffaro ("plaintiff") in 2007 for false swearing on a request he made for public records.  Defendants Borough of Ridgefield and Anthony Suarez ("defendants") now move for summary judgment (D.E. 11 and 12).

Initially, the Court notes that this opinion addresses plaintiff's sole remaining federal claim, which appears in count five of the complaint.  (Comp., D.E. 1-1 at 8 ¶ 2.)  Plaintiff has represented to the Court that he is not pursuing the equal protection claim set forth in count six of the complaint (D.E. 10), and he specifically withdrew that count in his brief (D.E. 15 at 14).

The Court also notes that, to the extent that plaintiff's brief opposing summary judgment raises Fourth Amendment and First Amendment issues, those issues were not pleaded in the complaint and are not before the Court.  In addition, plaintiff has represented that he "is not

making a facial constitutional challenge to the statute that led to his arrest," which is New

Jersey's Open Public Records Act ("OPRA"), N.J.S.A. 47:1A-2.2.  (D.E. 10.)

**Background:**

The following background is based on the complaint, the answer, the briefs and their

supporting documents.  Plaintiff has been involved in an acrimonious dispute for over a decade

with his sister, Susan Taffaro.  (Comp. at 2 ¶ 3-4; Def. Ridgefield's Statement of Material Facts

("Ridgefield SOMF"), D.E. 12-1 ¶ 2-4).   The dispute has centered on plaintiff's disinheritance

from his late stepmother's estate, and both plaintiff and his brother, Scott Taffaro, have sued

Susan Taffaro over the disposition of the Taffaro family home in Ridgefield. (Suarez Statement

of Material Facts ("Suarez SOMF") ¶ 3, 6-8.)  Suarez represented Susan Taffaro in the suit

brought by Scott Taffaro and also initially represented her in plaintiff's lawsuit against her.  (Id.

8.)  Plaintiff has criticized Saurez publicly, including in an "open letter" he wrote to Ridgefield

residents in 2003, at which time Suarez was campaigning for mayor. (Comp. 2 ¶ 5.)

In September 2003, as problems in the Taffaro family worsened, Susan Taffaro filed a

complaint alleging that plaintiff had made terroristic threats to her.  (Ridgefield SOMF ¶ 4.)  The

charge was downgraded to harassment (Id. ¶ 5), and subsequently plaintiff was convicted of that

charge and a restraining order was entered prohibiting him from contacting Susan Taffaro.  (Id.)

In February 2005, plaintiff was convicted of contempt of court on a finding that he had violated

the restraining order.

In July 2007, plaintiff filed a request pursuant to the Open Public Records Act ("OPRA")

seeking the "complete building permit file" from the Ridgefield Building Department for the

Taffaro family home, where Susan was living.  (Ridgefield SOMF ¶ 8,11.)  An OPRA request

requires the applicant to " certify[y] that he or she has not been convicted of any indictable offense under the laws of the state. . . and is not seeking government records containing personal information pertaining to the victim or the victim's family as provided by N.J.S.A. 47:1A-1 et seq." (Id.)  Despite his criminal conviction for contempt, which is an indictable offense, and despite the fact that the information pertained to home of his sister, who was protected by the restraining order, plaintiff executed the certification with his OPRA request.  (Id. ¶ 8-12.)  When she found out about plaintiff's application, Susan Taffaro complained to the Ridgefield police (Id. ¶ 9-11.)

Officer Nebbia of the Ridgefield Police Department obtained a copy of plaintiff's OPRA request, verified plaintiff's prior conviction, and filed a complaint charging plaintiff with false swearing under oath  under N.J.S.A. 2c:28-3a. .  (Id. ¶ 11.)  A warrant issued, and plaintiff was arrested on August 16, 2007 near his home in Moonachie  (Id. ¶ 12), brought to the Ridgefield Police Department, and then to the Bergen County Jail.  (Suarez SOMF ¶ 22.) The false swearing charge was downgraded and after a trial in municipal court, and plaintiff was acquitted of a disorderly person's charge in July 2008.  (Id. ¶ 13.)  Also in July 2008—almost one year after his false swearing arrest—plaintiff's contempt conviction was overturned by the New Jersey Supreme Court, and the case was remanded for a new trial. (Id. ¶ 25-27; Def's Opp'n at 2.)

In July 2009, plaintiff brought the present action against the borough of Ridgefield and Anthony Suarez in state court alleging two federal claims and various state law claims, including malicious prosecution, malicious use of process and false arrest.  The case was removed to this

Court in September 2009 pursuant to 28 U.S.C. 1331.  As noted above, only one of the two federal causes of action—plaintiff's due process claim in count five—remains in the case.[1]

**Summary Judgment Standard:**

A motion for summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  A party asserting that a fact is genuinely disputed must support that assertion by citing to materials in the record, including depositions, documents affidavits or other materials.  Fed. R. Civ. P. 56(c)(1)(a).  If a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed— show that the movant is entitled to it."  F. R. Civ. P. 56(e)(3).  When a court analyzes a motion for summary judgment, the "inferences to be drawn from the underlying facts. . . must be viewed in the light most favorable to the party opposing the motion."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)).

**Discussion:**

Plaintiff's complaint does not specify what due process violation he suffered; rather, he alleges only that "[d]efendants' actions against Plaintiff constituted a violation of Plaintiff's Due

---

[1] The Court notes that plaintiff's state claims of malicious prosecution and false arrest could be viewed as a Fourth Amendment claims, but plaintiff did not plead them that way.  Furthermore, in his opposition brief, plaintiff specifically states that his malicious prosecution and malicious use of process claims in counts three and four of his complaint are "state-law theories [before] the Court pursuant to its pendant jurisdiction."  (Opp'n Br. at 16-17.) Plaintiff bases his false arrest and false imprisonment claims in count 7 on state legal authority. (Opp'n Br. at 20-23.)

Process rights under the Fourteenth Amendment." (Comp. at 8 ¶ 104.)  In his opposition brief, plaintiff modestly elaborates, stating that he is asserting a procedural due process claim, but he still fails to specify what alleged violation occurred.[2]  In support of his ill-defined procedural due process claim, plaintiff cites to three legal authorities, Pomykacz v. Borough of West Wildwood, 438 F. Supp. 2d 504 (D.N.J. 2006), Stomel v. City of Camden, 192 N.J. 137 (2007) and Natale v. Camden Correctional Facility, 318 F.3d 575 (3d Cir. 2003).

Pomykacz involved a § 1983 action brought against a mayor, a police officer, and the borough of West Wildwood.  The plaintiff in that case claimed that her arrest for allegedly stalking public officials was an attempt to silence her political activism, which included monitoring the mayor and the police department.  438 F. Supp. 2d 506.  Pomykacz had contested the stalking charge, and her civil action asserted First and Fourth Amendment claims for false arrest and malicious prosecution, as well as violations of substantive and procedural due process under the Fourteenth Amendment.  Id. at 511.  The court granted summary judgment on Pomykacz's procedural due process claim after finding that the parties had not made a procedural due process argument distinct from the alleged Fourth Amendment violation.  Id.

Here, plaintiff does not raise a Fourth Amendment claim, and instead asserts state law malicious prosecution and false arrest claims.[3]  To the extent that plaintiff asks this Court to find a due process violation, the Court is at a loss to see how Pomykacz applies to the present case in

---

[2] Plaintiff's opposition brief also asserts a First Amendment claim, but there is no First Amendment claim mentioned in the complaint.  The Court declines plaintiff's apparent invitation to read a First Amendment into the complaint where none was pleaded.

[3] Plaintiff argues standing (which was not put at issue) and argues  that he deserves damages because he was held overnight and strip-searched, but he does not raise these potential Fourth Amendment issues as Fourth Amendment claims.  Moreover, plaintiff "concedes that he was not mistreated and that he was allowed to make a phone call in an attempt to raise bail" while being held at the Ridgefield Police Department. (See Suarez SOMF ¶ 23; Opp'n Br. at 2 ¶ 23.)

that the discussion in <u>Pomykacz</u> centers on First and Fourth Amendment rights.  Moreover, concentrating solely on <u>Pomykacz</u>'s facts, that case involved the plaintiff's allegations that public officials had prosecuted her in retaliation for her political activism.  In contrast, here plaintiff's arrest was not for making an OPRA request—as plaintiff seems to argue—but rather for falsely swearing *while* making that request.  This critical distinction diminishes the apparent similarity between the police action here and that complained of in <u>Pomykac</u>.  Plaintiff admits that he had a conviction for an indictable offense when he filed his OPRA request, which required him to certify that he had "not been convicted of an indictable offense" and that he was "not seeking information pertaining to the victim or the victim's family as provided by N.J.S.A. 47:1A et seq."[4]  (Ridgefield's SOMF ¶ 6, 8 and 11; Opp'n Br. at 1 ¶ 6, 8, and 11.)  Lying is not protected activity and the Court has no basis to infuse a First Amendment claim into plaintiff's procedural due process claim where an essential element—engaging in a protected activity—is decidedly absent.

The two other authorities relied on by plaintiff, <u>Stomel</u> and <u>Natale</u>, deal with municipal liability under § 1983.  Both cases presumed a constitutional violation or else found that one had occurred.  The two cases are inapposite here because plaintiff has failed to adduce evidence of any constitutional violation.

The Court is satisfied that it has done the best that it can with plaintiff's alleged procedural due process claim, which is not specified with an particularity in the pleadings or in plaintiff's brief.  Finding an absence of evidence to support, let alone the existence of a material fact about plaintiff's procedural due process claim in count five, the Court grants defendants'

---

[4] Plaintiff "admits signing the OPRA form," but asserts that "he did not believe he was forbidden to do so."  (Opp'n Br. at 2 ¶ 19.)

motion for summary judgment (D.E. 11 and 12) and dismisses count five.  Because that constitutes the only remaining federal claim, plaintiff having voluntarily dismissed his equal protection claim in count six, the Court declines to exercise jurisdiction pursuant to 28 U.S.C. § 1367 over the remaining state law claims.  The complaint is dismissed.

/s/ Katharine S. Hayden

March 31, 2011                                           Katharine S. Hayden, U.S.D.J.